NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0355n.06

No. 24-1806

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jul 22, 2025
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) |
| | ) |
| ANTHONY DEMASI, | ) |
| Defendant-Appellant. | ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

OPINION

Before: SILER, KETHLEDGE, and BUSH, Circuit Judges.

**JOHN K. BUSH, Circuit Judge.** Anthony Demasi pleaded guilty to one count of bank fraud, in violation of 18 U.S.C. § 1344, and one count of identity theft, in violation of 18 U.S.C. § 1028(a)(7). He now appeals, challenging the validity of his conviction. The government moves to dismiss Demasi's appeal based on the appeal waiver contained in his plea agreement. We **GRANT** the government's motion and **DISMISS** Demasi's appeal.

**I.**

Demasi is well-educated. He earned a dual-honors undergraduate degree from Michigan State University, followed by his Juris Doctor and Master of Laws from Georgetown University. After law school, Demasi founded two entities: the Tsunami Venture Group and the Tsunami Foundation. Unfortunately, it wouldn't be long before Demasi had his first run-in with the law. In 2008, Demasi was charged with, and pleaded guilty to, commodities fraud. He was sentenced in 2010.

Demasi went back to work after his first prison sentence, starting a small business consulting firm with some colleagues. He became an active community member and teacher at the local community college, too. But then, sometime after 2018, the FBI began investigating Demasi after receiving information that he had misused his employees' Social Security Numbers. Although the information was initially collected for tax purposes, Demasi used his employees' information to open credit cards in their names without their knowledge or authorization. As a result of Demasi's fraudulent conduct, several employees reported being denied credit and experiencing significant drops in their credit scores.

A federal grand jury indicted Demasi in December 2022 on six counts: three counts of bank fraud and three counts of aggravated identity theft. In March 2024, Demasi entered into a plea agreement with the government, pleading guilty to Counts I and II of the superseding indictment. As part of the agreement, Demasi waived his right to appeal his conviction and sentence but preserved limited rights on collateral review.

The change-of-plea hearing took place before a magistrate judge. During the hearing, the government recited the terms of the plea agreement on the record, and the court made sure that Demasi understood what rights he was relinquishing by pleading guilty. The court also reviewed both the appellate and collateral waivers in detail with him. And Demasi expressly confirmed that his plea was knowing and voluntary and not the result of any coercion, force, threats, or promises made outside of the plea agreement. Finding Demasi's plea and entrance into the associated agreement to be knowing and voluntary, the magistrate judge accepted Demasi's guilty plea and found him guilty of the offenses.

At sentencing, the district court imposed a sentence of twelve months and one day imprisonment, followed by three years of supervised release. The court also ordered Demasi to pay $12,021.33 in restitution.

After Demasi filed this timely appeal, the government filed a motion to dismiss the appeal based on the explicit appeal waiver. Demasi contests that motion, asserting four reasons why his direct appeal should proceed. He claims that (1) prosecutorial misconduct occurred prior and during the plea-bargain process, which would render the enforcement of the appeal waiver a violation of his constitutional right to due process; (2) his waiver was not "knowingly and understandingly" made; (3) the waiver was the product of ineffective assistance of counsel; and (4) the plea agreement itself is unconscionable.

## II.

We review de novo the question of whether a defendant waived his right to appeal his conviction and sentence. *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003). A defendant may waive any right, including constitutional rights and the right to appeal, in a plea agreement, provided the waiver is made "knowingly and voluntarily." *Portis v. United States*, 33 F.4th 331, 334 (6th Cir. 2022); *United States v. Milliron*, 984 F.3d 1188, 1192–93 (6th Cir. 2021). "A waiver provision is binding and forecloses appellate review if (1) the defendant's claim falls within the scope of the appeal waiver provision; and (2) the defendant 'knowingly and voluntarily' agreed to the plea agreement and waiver." *Milliron*, 984 F.3d at 1193 (citing *United States v. Toth*, 668 F.3d 374, 377–78 (6th Cir. 2012)).

## III.

We reject Demasi's arguments and find the appeal waiver valid and enforceable. The appeal waiver in Demasi's plea agreement provides:

> The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the top of the guideline range determined by the court on Counts 1 and 2, the defendant also waives any right he may have to appeal his sentence on any grounds.

R. 60, Plea Agreement, PageID 396. The plea also included a collateral review waiver, which states:

> The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however waives any other right he may have to challenge his conviction or sentence by collateral review, including but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

*Id.* at PageID 396–97.

With respect to the appeal waiver, Demasi does not argue that his sentence exceeds the top of the Guidelines range—the only grounds for appeal of his sentence preserved under the agreement. Nor could he. The district court imposed a sentence of twelve months and a day, which was below the top end of the Guidelines range (10–16 months). Therefore, our inquiry focuses on whether Demasi's non-sentence challenges fall within the scope of the appeal waiver.

They do. Demasi argues that the plea-bargaining process was wrought with prosecutorial misconduct and alleged constitutional violations, particularly because the prosecution failed to disclose material evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and engaged in other coercive tactics to get Demasi to plead guilty. But the appeal waiver expressly prohibits Demasi from challenging his conviction on *any* grounds, which necessarily includes alleged constitutional violations that occurred during the pre-bargaining process. Even apart from the terms of the agreement, a defendant who has entered a guilty plea in open court generally waives

4

any claims based on constitutional violations that occurred before the plea was entered. *United States v. Lalonde*, 509 F.3d 750, 757 (6th Cir. 2007). Unless expressly preserved, such claims are foreclosed by the guilty plea. *Id.* Here, Demasi entered his guilty plea without reserving the right to challenge any pre-plea issues on direct appeal. He therefore waived his right to bring claims of alleged pre-plea constitutional violations. *See United States v. Abdulmutallab*, 739 F.3d 891, 904 (6th Cir. 2014).

Demasi also asserts that the plea agreement is unconscionable. He argues that the prosecution's support of the probation officer's sentencing recommendations violated the contract between the parties. He also takes issue with probation's recommendation of an enhancement, which he claims changed the Sentencing Guidelines range from 2–8 months to 18–24 months.[1] Yet he points to no precedent that supports the notion that the government was not allowed to advocate in support of probation's recommendations. What's more, the plea agreement itself prohibits nothing to that effect. Demasi fails to convince us that the government violated the plea agreement or took any other action that would render enforcement of the agreement unconscionable.

Demasi also knowingly and voluntarily agreed to the plea agreement and the waiver contained therein. The record and Rule 11 colloquy confirm this conclusion. The magistrate judge carefully explained the scope and effect of the appeal waiver during the change-of-plea hearing, repeatedly confirmed Demasi's understanding of the terms of the agreement, and received several affirmative acknowledgments from Demasi that he understood and accepted those terms. At no point did Demasi (or his lawyer) object to the proceedings or to the waiver provisions specifically.

---

[1] The government ultimately advocated for a sentence of 16 months, which was the top end of the Guidelines range in the district judge's calculation.

Nevertheless, Demasi contends that the waiver could not have been knowingly made because he did not understand the difference between appellate and collateral review, rendering his trial counsel ineffective for not clarifying the scope and extent of the waivers. But just like claims for prosecutorial misconduct, ineffective-assistance-of-counsel claims are expressly reserved for collateral review. More still, the record cuts against him on this ineffective-assistance-of-counsel argument. During the change of plea hearing, the magistrate judge clearly distinguished between the appeal waiver and the collateral waiver, explaining to Demasi that he may only bring a challenge on direct appeal if his sentence exceeds the top end of the Guidelines range and that only three types of *collateral* challenges were available to him post-conviction and sentencing. Once again, Demasi confirmed that he understood what his rights were. The record does not indicate any hesitation or confusion on Demasi's part at the time of the plea, and the magistrate judge's thorough inquiry dispels any notion to the contrary.

Should Demasi wish to raise claims of prosecutorial misconduct or ineffective assistance of counsel, he may do so by properly bringing a claim under 28 U.S.C. § 2255, allowing the district court to examine the issues in the first instance on a record that is more fully developed. *See United States v. Detloff*, 794 F.3d 588, 595 (6th Cir. 2015); *United States v. Lopez-Medina*, 461 F.3d 724, 737 (6th Cir. 2006).

## III.

Under the circumstances presented here, the appeal waiver is valid, and the appeal must be dismissed. The government's motion to dismiss is **GRANTED**, and Demasi's direct appeal is **DISMISSED**.